310

(No. 96-CC-0511–)

SUSAN J. MCDUNN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 27, 1999.*

GARDNER, CARTON & DOUGLAS (WILLIAM QUINLAM and MICHAEL J. HAYES, of counsel), for Claimant.

JIM E. RYAN, Attorney General (JACQUELINE K. WILLIAMS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, C.J.

This cause comes on to be heard on the Claimant's motion for summary judgment, and the Respondent's motion for summary judgment. The Court has considered the memoranda and the oral arguments of the parties.

### Facts

Claimant, Susan J. McDunn, was a candidate in the March, 1990, Democratic primary for nomination of the Democratic party to the office of Judge of the Circuit Court of Cook County to fill the vacancy of Roger J. Kiley. The winner of the primary would appear upon the November, 1990 general election ballot. She lost the primary election to James Williams by 180 votes and filed a primary

contest. Nearly two years later, the Circuit Court declared her the winner of the primary. However, the general election of 1990 was history, and James Williams, without Republican opposition, had been declared elected to the office. The Circuit Court ordered the Claimant's name placed upon the ballot for the general election to be held in November, 1992. Thereafter, on September 30, 1992, a divided Appellate Court affirmed the trial court's decision but also ruled that Judge Williams could continue to serve in the same judicial position (the Kiley vacancy). No appeal was taken from that decision. Claimant was elected, with no Republican opposition, in the November 3, 1992, general election and was scheduled to take the oath of office on December 7, 1992.

However, on November 18, 1992, the Supreme Court entered an order that effectively precluded Claimant from taking the oath of office.

That order recited:

"In the exercise of this Court's supervisory authority, the mandate of the Appellate Court is stayed until further order of this Court or, if it has issued, recalled until further order of this Court, and enforcement of the judgment of the Circuit Court of Cook County in case no. 90CO116 is stayed until further order of this Court. It appearing that the issue decided by the lower courts in this case involves a question of such importance that it shall be decided by the Supreme Court, it is ordered that the case of *McDunn v. Williams*, no. 1-92-1109, is docketed in this Court."

The Supreme Court, *sua sponte*, allowed the Attorney General to intervene, and ordered an expedited briefing schedule.

On August 26, 1993, the Supreme Court held that the Appellate Court erred in allowing Judge Williams to continue to serve in the Kiley vacancy at the same time that Claimant was to serve. The Supreme Court held that the effect of the dual occupation was the creation of an additional judgeship in contravention of the Illinois Constitution of 1970. The Supreme Court affirmed Claimant's election, and she was sworn in as a judge on September 17,

1993. She now seeks payment of the judicial salary for the period of December 3, 1990, through September 17, 1993.

Both parties agree that there are no genuine issues of material fact, and that it is appropriate for us to dispose of this case by summary judgment.

The three issues before us are (1) whether Claimant is entitled to compensation for salary for the period from December 3, 1990 until December 7, 1992 (the period from which she would have taken office if her name was upon the November, 1990 general election ballot; (2) whether the Claimant is entitled to compensation for the period December 7, 1992 until September 17, 1993 (the period she was restrained from taking office as a result of having been elected in November, 1992); and (3) whether this claim is barred because it was not timely filed.

### The Period from December 3, 1990
### until December 7, 1992

As to the first issue, we find that Claimant is not entitled to compensation for salary for the two-year period from December 3, 1990, until December 7, 1992. Article VI, section 10 of the 1970 Constitution of the State of Illinois provides that the terms of judges of the Circuit Court are six years. Claimant was not denied her term, but as to the period from December 3, 1990, until December 7, 1992, it was delayed. In November, 1992, she was elected to a full six-year term. Consequently, while she suffered a delay, she did not suffer a loss of salary for the period.

### The Period from December 7, 1992
### until September 17, 1993

As to the second issue, article VI, section 16 of the 1970 Constitution of the State of Illinois provides:

"ADMINISTRATION. General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. The Supreme Court shall appoint an administrative director and staff, who shall serve at its pleasure, to assist the Chief Justice in his duties."

The Supreme Court in its November 18, 1992, order asserted its supervisory authority.

Thus, the Claimant was prevented from taking her office by virtue of the Supreme Court's invocation of its constitutional power to exercise supervisory authority over all courts. The Supreme Court's ultimate decision nullified the Appellate Court's effective creation of dual judicial offices in a single vacancy.

Claimant, in her complaint, attached a copy of a January 20, 1994, letter from the director of the Administrative Office of the Illinois Courts. That office was created pursuant to the above quoted constitutional provision to aid the Supreme Court in the implementation of its administrative and supervisory authority over all courts. The letter, in pertinent part, states "Please be advised that the Supreme Court, yesterday, considered and disapproved your request for pay from December 7, 1992, through September 17, 1993." Thus, the Supreme Court, in the exercise of its administrative and supervisory authority, rejected Claimant's assertion to a right to salary for the nine-month period that she was prevented from taking the oath of office. The letter, however, does not state the reason for the denial but does make reference to the fact that the funds for part of the period (December 7, 1992 through June 30, 1993), could not be paid from fiscal year 1994 (which commenced July 1, 1993) funds. The letter states that payment for that period could be obtained only from the Court of Claims. However, if the Supreme Court desired to pay the salary for the period July 1, 1993, through September 17, 1993, it could have done so. Obviously, the

Supreme Court did not desire to do so. Claimant is effectively seeking to have the Court of Claims, which is part of the legislative branch of State government, overrule the Supreme Court, which is part of the judicial branch of State government, on an action that the Supreme Court has taken pursuant to its constitutional authority. For us to do so would be an unconstitutional intrusion by one branch of government upon another.

Even if we had the authority in this case to grant Claimant's claim for this period of time, we find that Claimant is not entitled to relief. Claimant's principle argument is that section 11(b) of the Personnel Code (20 ILCS 415(b)) provides that reinstated employees should be compensated. However, the Personnel Code specifically excludes judges from its coverage. Section 4c provides:

"Sec. 4c. General exemptions. The following positions in State service shall be exempt from jurisdictions A, B, and C, unless the jurisdictions shall be extended as provided in this Act:

(1) All officers elected by the people.

* * *

(3) Judges, and officers and employees of the courts, and notaries public."

Additionally, section 11(b) applies to persons who are reinstated as a result of the action of the Civil Service Commission. Section 11(b) does not apply to the Claimant.

Both the Claimant and the Respondent rely on *McKinley v. City of Chicago* (1938), 369 Ill. 268, 16 N.E.2d 727. In *McKinley*, the Supreme Court, in reversing the Appellate Court, held that two judges who were successful in recounts were not entitled to compensation for the period that they did not hold the judgeship that they subsequently were determined to have won. The Supreme Court declared that "[n]either do we believe that the question is an open one in this State." (369 Ill. at

270, 16 N.E.2d at 728.) After citing cases in which *employees* in similar situations were denied compensation, the Court stated:

"The two plaintiffs insist that the rules which we have just discussed apply only to mere positions or employments, not to public elective officers, but we fail to discern the validity of such an argument. On the other hand, it seems to us that these rules apply with greater vigor and more urgent public necessity to offices than to mere employments. If the rules of public policy which we have heretofore announced, and to which we now adhere, are important to grain inspectors and city engineers, they are certainly more vital to the public interest when the matter concerns judges. An election for judges of the municipal court results in the election of twelve candidates receiving the highest number of votes, so that a contest against one is necessarily a contest against all. If the public authorities must pay at their peril whenever a contest is started, then any candidate, even though hopelessly defeated, might throw the entire judicial machinery into disorder by merely starting a contest. Such a rule would require the city and its various disbursing officers to become insurers of the result of an election with which they had nothing to do, or else withhold all salaries until the cumbersome machinery of an election contest could be put in motion and the contest carried through to its conclusion * * *

* * *

We consider it much more in the public interest to adhere to our previously indicated rule. It is our opinion that a certificate of election following a regular canvass and the possession of a commission by those officers who are commissioned, fully protects the disbursing officers from further liability if they have paid salaries to such an incumbent." 369 Ill. at 271-272, 16 N.E.2d at 728-729.

Respondent maintains that the decision precludes recovery, while the Claimant maintains that the Supreme Court was applying the same public policy (denying compensation) to judges as to employees. The Claimant reasons that since *McKinley* was decided at a time prior to the Personnel Code's enactment, the Personnel Code evidences a new public policy. The Claimant is correct as to employees, but the legislature specifically refused to apply the new public policy to elected officers, and to judges.

Because of these conclusions, it is unnecessary to consider the remaining issue.

It is therefore ordered, adjudged and decreed that the Claimant's claim is dismissed and forever barred.